IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:21-CR-81** |
| | : | |
| **v.** | : | **(Judge Neary)** |
| | : | |
| **DAVID B. DARBY,** | : | |
| | : | |
| **Defendant** | : | |

**MEMORANDUM**

In 2024, after a seven-day trial, David. R. Darby was convicted of over two dozen felony counts related to a conspiracy to distribute and possess with intent to distribute fentanyl, oxycodone, and cocaine. (Docs. 180, 184). Darby was sentenced to life in prison. (Doc. 240). He appealed, (Doc. 242) and the Third Circuit Court of Appels affirmed the conviction. (Doc. 258). Darby has now moved the court to "determine a novel question of law" related to prison phone calls and the confrontation clause of the Sixth Amendment to the United States Constitution. (Docs. 260, 261). As explained below, the court must deny the motion.

Article III, Section 2 of the United States Constitution controls the jurisdiction of the federal courts. U.S. CONST. Art. III, § 2. The Supreme Court interpreted that section to limit federal jurisdiction to matters where a "case or controversy" exists, and, as Justice Brandeis explained in Fairchild v. Hughes, that requirement works to prohibit "a private citizen to institute in the federal courts a suit to secure by indirection a determination whether a statute, if passed, or a constitutional amendment, about to be adopted, will be valid." 258 U.S. 126, 129-30 (1922).

That admonition prevents consideration of Darby's arguments here. There is no live case in this matter, as the case itself is closed. Darby's argument asks the court to consider the constitutionality of certain legal standards by precedent. (Doc. 261). Darby submits a legally interesting argument, but it is not one the court can consider here, as our jurisdiction does not extend to such a generalized request not tied to any present case or controversy. This case presents the same roadblock that Justice Brandeis identified over a hundred years ago. The principles that prevented the court from hearing Fairchild apply with equal force here, as there is no live case nor controversy in this matter, and so Darby's motion, which asks the court to rule broadly on the constitutionality of certain legal precedents, is analogous to "a determination whether a statute, if passed, or a constitutional amendment, about to be adopted, will be valid." Fairchild 258 U.S. at 130; see also United States v. Sanchez-Gomez, 584 U.S. 381 (2018) (finding that closed criminal cases were moot and not exceptions capable of repetition, and thus outside the jurisdiction of the federal courts).

Because the motion comes in a closed case and not pursuant to a live case or controversy, the court will deny the motion. An appropriate order follows.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania